UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-271

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., )<br>      Plaintiffs, )<br> )<br>vs. )<br> )<br>RODNEY DEWAYNE BLACK, )<br>INDIVIDUALLY and d/b/a REBAS BAR )<br>AND GRILL; and business entity d/b/a )<br>REBAS BAR AND GRILL, )<br>      Defendants. )<br> )<br> ) | ORDER |

THIS MATTER comes now before the Court upon Defendants' Motions to Dismiss (Doc. Nos. 6, 7) pursuant to rule 12(b)(7) of the Federal Rules of Civil Procedure. Defendants argue that said motions should be granted because Plaintiff failed to join "unnamed commercial entities that entered into sublicensing agreements with Plaintiff to show the Program" in accordance with rule 19 of the Federal Rules of Civil Procedure. (Docs. Nos. 6, 7). Defendants' Motions (Docs. Nos. 6,7) are DENIED.

Generally speaking, federal courts rarely grant such motions. RPR Associates v. O'Brien/Atkins Associates, 921 F.Supp. 1457, 1463 (M.D.N.C. 1995). Mere absence of a party does not automatically result in a dismissal, and the Court makes an initial determination if the party should be joined pursuant to Rule 19. Id. A motion to dismiss pursuant to 12(b)(7) will only be granted when "the defect cannot be cured and serious prejudice or inefficiency will result." Id. (citations omitted). With regard to illegal satellite reception, specifically, "[Defendant] may more appropriately wish to bring in [an additional party] as a third-party defendant if he so chooses; no

relief is disrupted, however, by [the additional party's] absence in the instant claim." <u>PPV Connections, Inc. V. Rodriguez</u>, 607 F.Supp.2d 301, 307 (2009).

Defendants have failed to provide this Court evidence indicating that the absence of the unnamed commercial entities cannot be cured, and in fact Defendants are free to join the unnamed commercial entities should they choose to do so. Defendants have also failed to provide evidence that suggests serious prejudice or inefficiency will result in the absence of said parties. Therefore, the Court hereby DENIES Defendants' Motions to Dismiss.

IT IS SO ORDERED.

Signed: August 6, 2012

Frank D. Whitney
United States District Judge